## No. 70

ROGNON, Minor etc. v. ZANESVILLE (City)

Ohio Appeals, 5th Dist., Muskingum Co.

No. 325. Decided November, 1926

355. DAMAGES—The court may grant a new trial when inadequate damages are returned by a jury when it is evident that the jury did not take into consideration all points applicable to the case at hand.

465. ERROR—It is not error for a trial judge to charge upon a trespasser when same is not part of pleading and the thing to be determined was an attractive nuisance.

HOUCK, J.

Robert Rognon, an infant, commenced his action in the Muskingum Common Pleas against city of Zanesville to recover for the loss of two toes received while playing on a road scraper left by the employees of the city in the street. Trial was had, and a verdict was rendered in favor of Rognon for $362. Both parties asked for a new trial which was overruled and Rognon brings error here, this court holding:

1. The damages found by the jury are inadequate, the injuries are conceded as well as the extent of them, and if Rognon is entitled to recover it should be for a great deal more.

2. In an action to recover damages for personal injuries, a new trial may be granted on the ground of inadequacy of the damages found by the jury, when it appears from the facts proved that the jury failed to take into consideration some of the elements of damages involved in the claim. 81 OS. 463.

3. The court's charge upon a trespasser does not state the law as to the case at trial because the real issue, and that raised by the pltadings was whether the road grader was an "attractive nuisance."

Judgment reversed.

(Shields, J. and Sayre, J., concur.)

Attorneys—E. B. Graham for Rognon; T. F. Thompson for City; both of Zanesville.

---

## No. 71

BANNISTER et v. STATE et

Ohio Appeals, 6th Dist., Lucas Co.

Nos. 1748, 1749 & 1450-1457. Decided Jan. 10, 1927

1226. VARIANCE—Where state charges in affidavit that defendants were keeping disorderly houses, the fact that the evidence tended to prove that the houses kept were houses of ill-fame is not sufficient to cause judgments of guilty to be reversed.

CULBERT, J.

The causes herein considered number ten in all and were argued and submitted together and will be considered in this one opinion. The cases were all started in the Toledo Municipal Court wherein the plaintiffs in error were defendants and either the City of Toledo or the State of Ohio was plaintiff.

Several of the plaintiffs in error were each charged by the State in affidavits, with keeping disorderly houses where vagrants, drunkards, prostitutes and other idle and disorderly persons - - - - resort - - - - contrary to the form of the statute in such cases made and provided. Others were charged in a like affidavit, with visiting a certain house of ill-fame for the purpose of prostitution.

Each of the plaintiffs in error entered pleas of "not guilty" and each waived a trial by jury and the cases were tried by the court who thereupon found each of the plaintiffs in error guilty as charged in the affidavits, and imposed sentences. The Lucas Common Pleas affirmed the judgments rendered by the lower court. Error was prosecuted to the Court of Appeals, which held:—

1. It is claimed by several of the defendants that they were charged with keeping a disorderly house and that because the evidence disclosed the fact to be, instead of keeping a disorderly house, they were keeping a house of ill-fame, and that for the reason of this difference in the language used in the affidavits and that used by the witnesses at the trial, the cases should be reversed.

2. This is not the law, and this court now holds that a disorderly house is a house where people abide in such a manner as to constitute a nuisance; or one that contravenes the provision of any public statute; or if it is for a business which is of itself hurtful to the community, such as bawdy houses and houses of ill-fame.

3. A disorderly house where prostitutes congregate or resort may be called a house of ill fame and vice versa.

4. Examination of the records discloses no prejudicial error to any of the plaintiffs in error.

Judgment affirmed.

(Richards & Williams, JJ., concur.)

Attorneys—Albertus Brown for Banister et; F. M. Dotson, Dir. of Law and Stanley A. Konczal, Asst. Dir. of Law, for State; all of Toledo.